| | |
|---|---|
| SAMUEL THIEMANN; JOSEPH ZAHN;WILLIAM WILLIAMS; NORM SELLARS;GARY KAESTNER; JACOB MACDONALD;LESLIE GOODMAN; GARY BRANT; LYNNLEE; MICHAEL SNIDER; DANIEL BUGLI;DON FLEDERBACH,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF KIERAN DONAHUE; DOUGLAS HART, Special Agent of the Federal Bureau of Investigation; JOHN AND JANE DOES #1-10, members of the Treasure Valley Metro Violent Crimes and Gang Task Force; JOHN DOES #11-20, members of the Nampa Police Department; JOHN DOES #21-30, members of the Bureau of Alcohol, Tobacco, Firearms and Explosives; JOHN DOES #31-40, members of the Canyon County Sheriff's Office; JOHN DOES #41-50, members of the Federal Bureau of Investigations; CANYON COUNTY, a political subdivision of the State of Idaho, by and through the Canyon County Sheriff's Office; CITY OF NAMPA, by and through the Nampa Police Department,<br><br>Defendants. | Case No. 4:14-CV-00172-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Before the Court are: (1) Defendants Sheriff Kieran Donahue, Canyon County, and City of Nampa's (collectively, "Canyon County Defendants") Motion for Summary Judgment (Dkt. 16) and (2) Plaintiffs' Motion to Defer Consideration of Motion for Summary Judgment (Dkt. 24). For the reasons set forth below the Court will grant the Plaintiff's motion and defer consideration of the Canyon County Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiffs are twelve individuals who are also members of the Brother Speed Motorcycle Club. Plaintiffs allege that their rights under state and federal law were violated during a raid of their Nampa clubhouse on August 28, 2013, by the Treasure Valley Metro Violent Crimes and Game Task Force (the "Task Force").

The raid was conducted as part of the Task Force's investigation into Timothy Butterbaugh, who was a member of the Road Brothers Motorcycle Club. Chief Magistrate Judge Candy Dale issued a search warrant that authorized searches of Butterbaugh's house, the Road Brothers' clubhouse, the Brother Speed clubhouse, and a 1991 Ford Ranger. *Search Warrant,* Ex. A to Pls' Compl., Dkt. 5-1. Plaintiffs believe that the Task Force used the same or very similar information to support the search warrant applications for all four locations.

Apparently, the raid of the Brother Speed clubhouse was executed in a military fashion, with percussion grenades, smoke, and "overwhelming numbers." The Task Force officers who participated in the raid wore riot gear and did not identify themselves.

Plaintiffs, however, learned from media reports and public records that the Task Force is a partnership of federal, state, and local law enforcement officers. A Department of Justice press release announcing the arrest of Timothy Butterbaugh indicated that the Canyon County Sheriff's Office and Nampa City Police Department assisted in serving the warrants: "[t]he warrants were served by the FBI, Treasure Valley Metro Violent Crime Task Force, Canyon County Sheriff's Office, Nampa City Police Department, and Meridian City Police Department." Federal Bureau of Investigation website, "Nampa Man Arrested on Federal Drug Charge," http://www.fbi.gov/saltlakecity/press-releases/2013/nampa-man-arrested-on-federal-drug-charge.

Based on these reports, Plaintiffs believed that the Canyon County Sheriff's Office and the Nampa Police Department assisted federal officers in preparing, planning, and executing the raid. For this reason, Plaintiff named Sheriff Donahue, Canyon County, and the City of Nampa as defendants, as well as unidentified (John and Jane Doe) federal, county, and city law enforcement officers.

On September 15, 2014 – the morning of the day set for the initial scheduling conference – the City and County Defendants filed a motion for summary judgment, alleging that they did not participate in the search warrant process or execution. *Defs' Opening Br.* at 2, Dkt. 16-1. They imply that only federal officers served the warrant and conducted the raid. At the time the City and County Defendants filed their summary-judgment motion, no discovery had been exchanged between the parties.

Within a week of the scheduling conference, Plaintiffs submitted written interrogatories and requests for production of documents to Sheriff Kieran Donahue and Nampa Chief of Police Craig Kingsbury, on behalf of the City of Nampa. *Durham Decl.*, Exs A and B, Dkt. 24-2. Plaintiffs request information and documents to identify Canyon County Sheriff's deputies and City of Nampa police officers who have worked with the Task Force within the last three years, and more specifically who partnered with the Task Force in its investigation in this case. *Id.*

On October 8, the United States Government filed a Motion to Intervene and a Motion for Temporary Stay of Discovery. The Government seeks to intervene so that it can present an argument to the Court for staying discovery for six months until an ongoing criminal investigation is completed. The Government's motion to intervene has been granted for the limited purpose of arguing its motion to stay discovery. The motion to stay is still pending.

On October 16, 2015, after having been given leave to amend, Plaintiffs filed an Amended Complaint naming FBI Special Agent Douglas Hart as a defendant, to bring an identified federal defendant into the case.

Now Plaintiffs request the Court to defer consideration of the City and County Defendants' summary-judgment motion, "for two reasons: (1) Plaintiffs need to complete discovery in order to oppose Defendants' Motion, and (2) the Government is now attempting to intervene and delay the exchange of that discovery." *Pls' Opening Br.* at 4, Dkt. 24-1.

# ANALYSIS

Rule 56(d) of the Federal Rules of Civil Procedure permits a court to defer consideration of a motion for summary judgment, and allow time for discovery, when a party can show that it is presently unable to present facts essential to justify its opposition. *See, e.g., Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted)(reviewing the previous version in Rule 56(f)). The party seeking a Rule 56(d) continuance must also demonstrate that it has diligently pursued discovery and that it cannot respond without a delay. *See Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

The Court will grant Plaintiffs' request to defer consideration of the City and County Defendant's summary-judgment motion. The City and County Defendants filed their motion extremely early in this case – before even the scheduling conference had been conducted – and before Plaintiffs had the opportunity to conduct any discovery. At some juncture it may be appropriate to dismiss the City and County Defendants from this case, but now is not that time. Plaintiffs have stated a colorable claim against the City and County Defendants, and there are reports indicating that the City and County partnered with federal law enforcement officers in conducting the relevant investigation and raid. Plaintiffs are entitled to explore their claims against the City and County.

With respect to the Government's motion for a temporary stay on discovery, the Court is inclined to grant it. However, the Court believes a conference with counsel for Plaintiffs, as well as for the Government and the City and County Defendants, would be

beneficial to determine the appropriate scope and timing of the stay. If necessary, the Court may conduct a portion of the conference *ex parte*, without the involvement of Plaintiffs' counsel. Therefore, in lieu of hearing the City and County Defendants' summary-judgment motion on December 2, the Court will hear oral argument on the motion to stay discovery.

## ORDER

**IT IS ORDERED that:**

1. Defendants Sheriff Kieran Donahue, Canyon County, and City of Nampa's (collectively, "Canyon County Defendants") Motion for Summary Judgment (Dkt. 16) is DENIED WITHOUT PREJUDICE.

2. Plaintiffs' Motion to Defer Consideration of Motion for Summary Judgment (Dkt. 24) is GRANTED.

DATED: November 24, 2014

B. Lynn Winmill
Chief Judge
United States District Court